UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Drew Heriot and Drew Pictures Pty Ltd., § § § *Plaintiffs*, § § vs. § § Rhonda Byrne, § The Secret LLC (AKA TS Holdings LLC) § Prime Time US Inc., § TS Production Holdings LLC, § TS Production LLC, § TS Merchandising Ltd., And § Robert E. Rainone Jr. § § *Defendants*. § | Civil Case No. 08cv2272  The Honorable Suzanne B. Conlon |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION TO PRELIMINARILY ENJOIN DEFENDANT TS PRODUCTION LLC

Mark S. Werbner
Darren P. Nicholson
Sayles | Werbner, P.C.
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Phone: 214.939.8700
Fax: 214.939.8787
*Admitted pro hac vice*

Paul L. Price
Hepler, Broom, MacDonald, Hebrank,
True & Noce, LLC
150 N. Wacker Drive, Suite 3100
Chicago, Illinois 60606
Phone: 312.230.9100
Fax: 312.230.9201

Attorneys of Plaintiffs Drew Heriot and
Drew Pictures Pty Ltd

I.   BACKGROUND

Defendants have pending before this Court a Motion to Dismiss or Stay under the doctrine of *forum non conveniens* and the doctrine of abstention. Defendants argue in those papers that Australia is the more appropriate forum for the parties to litigate this dispute and request dismissal or, in the alternative, a stay. Plaintiffs have filed, as of today, a Response to Defendants' Motion. Those papers adequately set forth the history and procedural background of the parties' current dispute.

Regrettably, Defendants' Motion, Memorandum, and Supporting Declarations do not inform the Court of Defendant TS Production LLC's current actions before the Australian court, which seek an end-run around this Court's jurisdiction and attempt to enjoin Plaintiffs from pursuing claims that are not part of the Australian action against Defendants who are not parties to that action. This motion concerns Defendant's conduct.

On October 18, 2007, Defendant TS Production LLC commenced an action in the Federal Magistrates Court of Australia against Plaintiffs by filing a Statement of Claim. TS Production LLC's Statement of Claim seeks a declaration, under the Australian Copyright Act of 1968, that TS Production LLC is the sole of the owner of copyright in the movie *The Secret* (Original Edition) and the sole owner of the book *The Secret*. TS Production's Statement of Claim does not seek a declaration regarding ownership of the screenplay to *The Secret* or of the movie *The Secret* (Extended Edition). *See Reichman Decl.* ¶ 8, Exhibit D to Plaintiffs' Response to Defendants' Motion to Dismiss. Since it was initiated, the Australian action has been transferred to the Federal Court of Australia, and TS Production LLC has amended its Statement of Claim to add more detail. No

6

Answer, Defense, or Cross Claim has been filed, no discovery has been conducted, and no trial date has been set. Procedurally, the case is in the same position as the present case. *Id.* ¶ 18.

On April 21, 2008, Plaintiffs initiated the present action against Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd., and Robert E. Rainone Jr. Plaintiffs' action asserts claims under the U.S. Copyright Act and Illinois common law relating to the movie *The Secret* (Original Edition), *The Secret* (Extended Edition), the screenplay to *The Secret*, and the book *The Secret*. Aside from TS Production LLC, no other named Defendant here is a party to the Australian Action.

In response to Plaintiffs' Complaint here, Defendant TS Production LLC has filed a Notice of Motion with the Australian Federal Court requesting that the court issue an anti-suit injunction against Plaintiffs in the present case. *Id.* ¶ 16. Defendant TS Production LLC requests the following order:

> From the date of this order, [Drew Heriot and Drew Pictures] be and are hereby restrained, until determination of this proceeding (including any appeal) or until further order, from taking or causing to be taken any step in the proceedings commenced by them in the United States District Court for the Northern District of Illinois, Eastern Division, numbered 08CV2272 and captioned *Drew Heriot and Drew Pictures v Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd. and Robert E Rainone Jr. Id.*, Ex. G attached thereto.

Under a Scheduling Order set by the Australian Court, Defendant TS Production LLC's Notice of Motion for an anti-suit injunction is set for hearing in the Australian case on July 11, 2008.

7

Moreover, last Friday, in support of its anti-suit injunction motion, Defendant TS Production submitted the expert report of Paul Geller, which attempts to supplant this Court's role, and opines that "a U.S. district court in Illinois, is likely to apply Australian law to determine ownership of copyright, and perhaps of concomitant interests, in the case posited here."

Defendant TS Production LLC's Notice of Motion seeks to enjoin Plaintiffs' prosecution as to all named Defendants, *even Defendants who are not parties to the Australian action and as to claims that have not been raised.* The effect of Defendant TS Production LLC's motion, if successful, will be to strip this Court of its jurisdiction, even before this Court has had the opportunity to rule on the motions pending before it.

## II.   ARGUMENT

The general rule is that a federal court is duty bound to "exercise the jurisdiction that Congress has given it." *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 430 (7th Cir. 1993).[1] In the exercise of that jurisdiction, Congress has given the federal courts the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a) (2002); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 367 (7th Cir.1983) ("The intent of the Act is to effectuate established jurisdiction, not to enlarge it."). A

---

[1] In *Allendale*, the Seventh Circuit adopted the so-called "laxer standard" for granting anti-suit injunctions and "…allows an injunction against litigating in a foreign forum upon a finding that letting the two suits proceed would be gratuitously duplicative, or as the cases sometimes say 'vexatious and oppressive.'" *Id.* at 431 (citing *Seattle Totems Hockey Club Inc. v. National Hockey League* 652 F.2d 852, 855-56 (9th Cir. 1981)). Because Plaintiffs do not consider the Australia action and the present one to be parallel, Plaintiffs are not seeking an anti-suit injunction, preventing prosecution of TS Production's action in Australia entirely, at this time. *See* Plaintiffs' Response to Defendants' Motion to Dismiss at 14-15. Rather, Plaintiffs are only currently seeking a preliminary injunction to prevent Defendant TS Production from attempting to interfere with this Court's jurisdiction under the guise of an anti-suit injunction.

8

preliminary injunction sought under the All Writs Act must be analyzed under the "factors associated with the issuance or denial of a preliminary injunction" generally. *Lambert v. Buss*, 498 F.3d 446, 454 (7th Cir. 2007). To win a preliminary injunction, a party must show:

> [1] that it is reasonably likely to succeed on the merits, [2] it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, [3] there is no adequate remedy at law, and [4] an injunction would not harm the public interest. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

Those factors are met here. As set forth in Plaintiffs' Response to Defendants Motion to Dismiss, Plaintiffs are reasonably likely to succeed on the merits and this Court is likely to deny Defendants Motion to Dismiss or Stay and retain jurisdiction over this matter and over all Defendants. To permit Defendant TS Production to nevertheless proceed with its motion in Australia, and attempt to interfere with this Court's exercise of its own jurisdiction would result in irreparable harm to Plaintiffs, who would be denied their choice of forum. Plaintiffs' harm greatly outweighs any conceivable harm to TS Production, who will be in no different position before the Australian court than it is today. Plaintiffs have no other adequate remedy at law and a preliminary injunction here would not harm the public interest.

It is the exclusive province of *this* Court, not Defendant TS Production, to determine the bounds of its own jurisdiction based on the parties before it, the claims presented, and ordinary jurisdictional principles. Defendant's blatant interference with this Court's jurisdiction should not be tolerated.

Dated: June 16, 2008

                                    Respectfully Submitted,

                                    /s/ Paul L. Price
                                    Paul L. Price
                                    Counsel for Plaintiffs