UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Drew Heriot and Drew Pictures Pty Ltd., | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | Civil Case No. 08cv2272 |
| Rhonda Byrne, | § § | The Honorable Suzanne B. Conlon |
| The Secret LLC (AKA TS Holdings LLC) | § | |
| Prime Time US Inc., | § | |
| TS Production Holdings LLC, | § | |
| TS Production LLC, | § | |
| TS Merchandising Ltd., And | § | |
| Robert E. Rainone Jr. | § § | |
| *Defendants.* | § | |

## PLAINTIFFS' MOTION TO PRELIMINARILY ENJOIN DEFENDANT TS PRODUCTION LLC

Mark S. Werbner
Darren P. Nicholson
Sayles | Werbner, P.C.
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Phone: 214.939.8700
Fax: 214.939.8787
*Admitted pro hac vice*

Paul L. Price
Hepler, Broom, MacDonald, Hebrank,
True & Noce, LLC
150 N. Wacker Drive, Suite 3100
Chicago, Illinois 60606
Phone: 312.230.9100
Fax: 312.230.9201

Attorneys of Plaintiffs Drew Heriot and
Drew Pictures Pty Ltd

Plaintiffs Drew Heriot and Drew Pictures Pty. Ltd ("Plaintiffs"), by their attorneys, hereby move this Court to preliminarily enjoin Defendant TS Production LLC under the All Writs Act from prosecuting any motion before a foreign tribunal to prevent Plaintiffs from proceeding in this case or to otherwise interfere with this Honorable Court's jurisdiction over all Defendants. In support of their motion, Plaintiffs state as follows:

1. On October 18, 2007, Defendant TS Production LLC commenced an action in the Federal Magistrates Court of Australia against Plaintiffs by filing a Statement of Claim. TS Production LLC's Statement of Claim seeks a declaration, under the Australian Copyright Act of 1968, that TS Production LLC is the sole owner of copyright in the movie *The Secret* (Original Edition) and the sole owner of the book *The Secret*. TS Production's Statement of Claim does not seek a declaration regarding ownership of the screenplay to *The Secret* or of the movie *The Secret* (Extended Edition).

2. The Australian action has been transferred to the Federal Court of Australia, and TS Production LLC has amended its Statement of Claim to add more detail. No Answer, Defense, or Cross Claim has been filed, no discovery has been conducted, and no trial date has been set. Procedurally, the case is in the same position as the present case.

3. On April 21, 2008, Plaintiffs initiated the present action against Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd., and Robert E. Rainone Jr. Plaintiffs' action asserts claims under the U.S. Copyright Act and Illinois common law relating to the movie *The Secret* (Original Edition), *The Secret* (Extended Edition), the screen play

to *The Secret*, and the book *The Secret*. Aside from TS Production LLC, no other named Defendant in this case is a party to the Australian action.

4. Defendants have pending before this Court a Motion to Dismiss or Stay under the doctrine of *forum non conveniens* and the doctrine of abstention.

5. In response to Plaintiffs' Complaint, Defendant TS Production LLC has filed a Notice of Motion with the Australian Federal Court requesting that the court issue an anti-suit injunction against Plaintiffs in the present case. Defendant TS Production LLC requests the following order:

> From the date of this order, [Drew Heriot and Drew Pictures] be and are hereby restrained, until determination of this proceeding (including any appeal) or until further order, from taking or causing to be taken any step in the proceedings commenced by them in the United States District Court for the Northern District of Illinois, Eastern Division, numbered 08CV2272 and captioned *Drew Heriot and Drew Pictures v Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd. and Robert E Rainone Jr.*

6. Under a Scheduling Order set by the Australian court, Defendant TS Production LLC's Notice of Motion for an anti-suit injunction is set for hearing in the Australian case on July 11, 2008.

7. The effect of such a motion, if successful, would be to strip this Court of its jurisdiction. Defendant TS Production LLC's Notice of Motion seeks to enjoin Plaintiffs' prosecution as to all named Defendants, *even Defendants who are not parties to the Australian action.*

8. In support of that motion, Defendant TS Production has submitted the expert report of Paul Geller. Taking the place of this Court, Mr. Geller opines that "a U.S.

3

district court in Illinois, is likely to apply Australian law to determine ownership of copyright, and perhaps of concomitant interests, in the case posited here."

9. This Court has a duty to exercise the jurisdiction that Congress has conferred upon it and to protect that jurisdiction, when necessary, under the All Writs Act.

10. As more fully set forth in the accompanying Memorandum in Support of Plaintiffs Motion to Enjoin Defendant TS Production LLC, Defendant TS Production LLC should be preliminarily enjoined under the All Writs Act from prosecuting its "anti-suit" motion before the Australian court (or any other foreign tribunal) to strip this Court of its jurisdiction or to otherwise interfere with this Honorable Court's jurisdiction over Defendants.

        Respectfully submitted,

        /s/ Paul L. Price
        Paul L. Price
        Counsel for Plaintiffs