IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DREW HERIOT and DREW PICTURES PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> RHONDA BYRNE, THE SECRET LLC (AKA TS HOLDINGS LLC), PRIME TIME US INC., TS PRODUCTION HOLDINGS LLC, TS PRODUCTION LLC, TS MERCHANDISING LTD., and ROBERT E. RAINONE, JR., <br><br> Defendants. | Civil Case No. 08CV2272 <br><br> The Honorable Suzanne B. Conlon |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SURREPLY IN RESPONSE TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Defendants Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd., and Robert E. Rainone, Jr., by their attorneys, object to plaintiffs' motion for leave to file an unnecessary surreply in response to defendants' motion to dismiss or, in the alternative, to stay proceedings. In support of their objection, defendants state as follows:

1. On June 4, 2008, defendants filed their motion requesting that the Court dismiss this action under the doctrine of <u>forum non conveniens</u>, or, in the alternative, to dismiss or stay this case under the abstention doctrine in light of the preexisting, parallel litigation in the Federal Court of Australia. On June 16, 2008 plaintiffs submitted their response to the motion to dismiss/stay. Plaintiffs' response included their memorandum of law together with several hundred pages of exhibits and declarations. On June 25, 2008 the briefing schedule on the motion to dismiss/stay was completed as defendants

filed their reply memorandum together with one declaration which is two paragraphs in length.

2. Plaintiffs now ask the Court to reopen the briefing schedule to allow them to file a proposed 15-page surreply brief, consisting almost entirely of a rehashing of previous arguments, together with still additional declarations and exhibits. Plaintiffs' motion for leave to file a surreply attempts to create the impression that a surreply is necessary to address new and novel issues raised by defendants' reply. But a plain reading of plaintiffs' proposed surreply demonstrates instead that plaintiffs simply want to "pile on" additional pages of arguments they already made in their response brief.

3. For example, about one-half of the 15 pages of argument in plaintiffs' proposed surreply is devoted to a further discussion of *Itar-Tass Russian News Agency v. Russian Kurier*, 153 F.3d 82 (2d Cir. 1998), a case which holds that copyright ownership is to be determined according to the law of the country with the "most significant relationship" to the works, which in the instant controversy is the country of Australia. *Itar-Tass* was cited and discussed in both the defendants' opening memorandum of law and in the plaintiffs' response. Indeed, plaintiffs used several pages of their June 16, 2008 response to argue that the Court should disregard the choice-of-law principles articulated in that case. In their June 25, 2008 reply, defendants simply responded to the arguments plaintiffs had espoused in their response. Apparently not content with what they said about *Itar-Tass* in their June 16, 2008 response, plaintiffs want this Court to consider voluminous additional argument on the *Itar-Tass* standard in the guise of a surreply. Plaintiffs simply have no basis for asking to re-hash these arguments in a surreply.

4. Similarly, the remainder of plaintiffs' proposed 15-page surreply attempts to inundate the Court with arguments already made by plaintiffs in their June 16, 2008 response including: statements about the alleged unfairness to plaintiff Drew Heriot, an Australian who resides in California only on a temporary visa, of having to litigate the controversy before the Federal Court of Australia; the status of the Australian case; and issues as to the location and significance of witnesses in Australia and the United States. The declarations of John Swinson and Darren Nicholson which are attached to the proposed surreply relate to the alleged pace of the preexisting Australian proceeding and how *The Secret* was allegedly marketed and sold, all of which were issues previously addressed by plaintiffs in their June 16, 2008 response.

5. In their Reply, defendants offered the Reply Declaration of Robert Rainone solely to rebut testimony by Drew Heriot (which lacked any foundation in personal knowledge) that initial sales of *The Secret* were solely in the United States. In the proposed surreply declaration of Darren Nicholson, plaintiff purport to rebut Mr. Rainone by still more speculation--this time by an attorney who again has no personal knowledge on the subject on which he purports to testify.

6. The briefing as to defendants' motion to dismiss/stay should be at an end. The essential issues as to the motion have been addressed and plaintiffs, as the respondent, had a fair opportunity to make their arguments, which they did in their June 16, 2008 response. A surreply is not warranted and should not be allowed.

WHEREFORE, defendants respectfully request that this Court deny plaintiffs' motion for leave to file a surreply in response to defendants' motion to dismiss or, in the alternative, to stay proceedings.

Dated: July 7, 2008                              Respectfully submitted,

*[signature]*

One of the attorneys for defendants

David S. Elkins                              Jack J. Carriglio
Joseph a. Meckes                             James G. Argionis
Joseph P. Grasser                            Meckler Bulger & Tilson LL
Squire, Sanders & Dempsey L.L.P.             123 N. Wacker Drive, Suite 1800
600 Hansen Way                               Chicago, Illinois 60606
Palo Alto, CA 94304-1043                     Telephone: (312) 474-7900
Telephone: (650) 856-6500                    Facsimile: (312) 474-7898
Facsimile: (650) 843-8777

M:\12770\pleading\obj to mot for leave to file surreply.doc