UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Drew Heriot and Drew Pictures Pty Ltd. | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Case No. 08 cv 2272 |
| | § | |
| Rhonda Byrne, | § | The Honorable |
| The Secret LLC (AKA TS Holdings LLC) | § |    Suzanne B. Conlon |
| Prime Time US Inc., | § | |
| TS Production Holdings LLC, | § | |
| TS Production LLC, | § | |
| TS Merchandising Ltd., And | § | |
| Robert E. Rainone Jr. | § | |
|     Defendants. | § | |

## PLAINTIFFS' AGREED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARY ENJOIN DEFENDANT TS PRODUCTION, LLC, *instanter*

Plaintiff, DREW HERIOT, and DREW PICTURES PARTY, LTD., by and through their undersigned attorneys and with the consent of the Defendants, hereby respectfully request that this court grant Plaintiffs' Motion for Leave to File a Reply in Support of its Motion to Preliminary Enjoin, instanter. Plaintiffs' Reply Brief is attached hereto for this court's consideration.

Respectfully submitted,

/s/ Edna L. McLain
HEPLER, BROOM, MACDONALD,
HEBRANK, TRUE & NOCE, LLC
150 North Wacker Drive – Suite 3100
Chicago, Illinois 60606
Phone: (312) 230-9100

Mark S. Werbner, Esq.
Darren P. Nicholson, Esq.
Sayles/Werbner, P.C.
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Phone: (214) 939-8700
Fax:  (214) 939-8787
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Drew Heriot and Drew Pictures Pty Ltd., | § | |
| | § | |
| _Plaintiffs,_ | § | |
| | § | |
| vs. | § | Civil Case No. 08cv2272 |
| | § | |
| Rhonda Byrne, | § | The Honorable Suzanne B. Conlon |
| The Secret LLC (AKA TS Holdings LLC) | § | |
| Prime Time US Inc., | § | |
| TS Production Holdings LLC, | § | |
| TS Production, LLC, | § | |
| TS Merchandising Ltd., And | § | |
| Robert E. Rainone Jr. | § | |
| | § | |
| _Defendants._ | § | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO
## PRELIMINARILY ENJOIN DEFENDANT TS PRODUCTION, LLC

Mark S. Werbner
Darren P. Nicholson
Sayles | Werbner, P.C.
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Phone: 214.939.8700
Fax: 214.939.8787
_Admitted pro hac vice_

Paul L. Price
Hepler, Broom, MacDonald, Hebrank,
True & Noce, LLC
150 N. Wacker Drive, Suite 3100
Chicago, Illinois 60606
Phone: 312.230.9100
Fax: 312.230.9201


Attorneys of Plaintiffs Drew Heriot and
Drew Pictures Pty. Ltd.

I.    INTRODUCTION

Defendant TS Production LLC's Response is long and empty.  In twelve pages.
Defendant cannot bring itself to mention the two words that are most relevant to Plaintiffs'
pending Motion – **Paul Geller**.  Nor does Defendant devote a single word to explain why (or
how) it can seek injunctive relief in Australian on behalf of defendants in this action who are
not parties to the Australian proceeding.  Rather, Defendant's Response ignores the central
issue and engages in shadow-boxing, vigorously arguing against motions not made and relief
not sought, without ever addressing its own conduct, which attempts to take two bites at the
dismissal apple.

After the commencement of the instant action, on April 24, 2008, the Australian court
held a directions hearing where it set a briefing schedule for the parties to submit any motions
in light of the instigation of this case.  The only parties in the Australian case are Drew
Heriot. Drew Pictures Pty Ltd., and TS Production LLC.  A hearing on any such motions
would be heard on July 11, 2008.  Pursuant to that order, on May 23, 2008 (not April 23.
2008, as Defendant's Response states[1]) Defendant submitted a Notice of Motion seeking an
order enjoining Plaintiffs prosecution of this case, not just against TS Production LLC, but
against the six other Defendants in this action *who are not parties before the Australian
Court*.  Under the Australian court's briefing schedule, the parties were to submit supporting
affidavits and additional briefing in the coming weeks.

On June 4, 2008, Defendants filed Motion to Dismiss in this case, which is currently
pending.  In that motion Defendants argue, *inter alia*, that Plaintiffs' case should be

---

[1] The Elkins Declaration, attached to Defendant's Response, erroneously states that Plaintiffs submitted
their Motion to Stay and Defendant TS Production submitted its Motion to Enjoin to the Australian court
on "April 23, 2008." In fact, the Motion to Stay states on its face that it was filed on "23 May 2008." The
Motion to Enjoin attached to the Elkins Affidavit contains a typographical error that says "23 April 2008."
As evidenced by TS Productions LLC's Australian counsel's May 23, 2008 letter, this Notice of Motion
was "dated 23 May 2008" and was "filed with the Federal Court Registry today." Nicholson Decl., Ex. A.

- 2 -

dismissed under both *forum non conveniens* and abstention because this Court will be required to apply Australian law to the issue of copyright ownership under the choice of law theory proposed by Defendants (the *Itar-Tass*[2] test). Aside from Plaintiffs' pending Motion for Leave to File a Surreply, Defendants' Motion has been fully briefed and is awaiting this Court's ruling.

On June 13, 2008, however, TS Production LLC submitted to the Australian court the affidavit of Paul E. Geller in support of its motion to enjoin Plaintiffs' prosecution here. *See* Reichman Declaration, Ex. H (Docket Entry 23, Exhibit D) (The "Geller Affidavit"). Using the Geller Affidavit, Defendant advised the Australian court that it should enjoin Plaintiffs prosecution of this case because "**the district court would apply the *Itar-Tass* rule**" and that "**a U.S. district court, in Illinois, is likely to apply Australian law to determine ownership of copyright, and perhaps of concomitant interests, in the case posited here.**" *Id.* at 9 (emphasis added). That, of course, is the precise issue Defendants raise in their pending Motion to Dismiss and is a blatant attempt to interfere with this Court's jurisdiction. Rather than wait for this Court to rule on Defendant's own motion, Defendant seeks an end-run around the entire process by obtaining a preemptive ruling from a foreign tribunal on the very issues raised in their Motion to Dismiss.

On June 16, 2008, just **three days** after receiving the Geller Affidavit, Plaintiffs noticed its Motion for Preliminary Injunction for presentment at the status conference on June 17, 2008. When the Court cancelled the status conference, Plaintiffs re-noticed the motion for presentment and the Court entered a briefing schedule.

---

[2] *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998).

Plaintiffs' Motion explicitly states that Plaintiffs are not asking this Court to enjoin TS Production LLC's prosecution of the Australian action.[3] Rather, Plaintiffs seek a preliminary injunction to prevent TS Production LLC from taking actions that interfere with and attempt to improperly strip this Court's jurisdiction *while the Court is considering Defendants' own Motion to Dismiss.* Thus, Plaintiffs ask this Court to preliminarily enjoin TS Production LLC from (1) improperly arguing to a foreign tribunal that Plaintiffs should be enjoined because this Court "would apply the *Itar-Tass* rule" without waiting for a ruling from this Court on the issue and (2) arguing for an injunction on behalf of the other Defendants in this case who are not parties to the Australian action.

In short, Plaintiffs' Motion seeks enforcement of several fundamental propositions:

- That this Court has an obligation to protect the jurisdiction Congress has conferred upon it.
- That this Court has exclusive jurisdiction over motions pending before it, which must be protected.
- That Defendant, having *invoked* this Court's jurisdiction in a Motion to Dismiss, should not be permitted to undermine the Court's exercise of that jurisdiction by simultaneously asking a foreign court to preemptively rule on the Motion and enjoin this case.

Plaintiffs respectfully request the Court preliminarily enjoin Plaintiffs under the All Writs Act from interfering with this Court's jurisdiction. Because Defendants will be attempting to enjoin this case at the July 11, 2008 hearing, Plaintiffs respectfully request a ruling on this Motion before July 11.

## II.    ARGUMENT

The All Writs Act empowers this Court to enter all writs as necessary to preserve the jurisdiction of the Court. 28 U.S.C. § 1651(a) (federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

---

[3] Indeed, Defendant would be expressly permitted to continue to prosecute its case, including taking discovery and seeking a trial on the merits.

and principles of law"). As the Seventh Circuit has noted, the All Writs Act is "an effective

tool for preserving the status quo." *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1259

(7th Cir. 1980) (citing *F. T. C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966)). Thus, the Act

is "relied on for the entry of injunctive relief when necessary to preserve the jurisdiction of

the district court…" *Id.* (citing *United States v. Western Pa. Sand and Gravel Association*,

114 F. Supp. 158 (W.D. Pa. 1953)).

     A.     **Standard for Preliminary Injunctions Under the All Writs Act**

In *Lambert v. Buss*, the Seventh Circuit stated in *dicta* that a preliminary injunction

sought under the All Writs Act must be analyzed under the "factors associated with the

issuance or denial of a preliminary injunction" generally. 498 F.3d 446, 454 (7th Cir. 2007).

In that case, involving a death penalty appeal, the Court found that the appellant's invocation

of the Act was "entirely misplaced, because the All Writs Act is a provision which

effectuates the court's jurisdiction, not a separate grant of jurisdiction." *Id.* Thus, it is not

clear that the four-part preliminary injunction test is required for all preliminary injunction

motions under the All Writs Act (especially in circumstances presented in this case), though

that is certainly one reading of *Lambert. See also In re Uranium Antitrust Litigation*, 617

F.2d 1248, 1260 (7th Cir. 1980) (discussing traditional four-factor test for injunction under

the All Writs Act). Accordingly, Plaintiffs discussed the traditional preliminary injunction

standard it its Motion, which seeks an All Writs Act injunction to protect this Court's

jurisdiction.

     There are numerous cases, however, that hold that the traditional preliminary

injunction standard do not apply when seeking an All Writs Act preliminary injunction. As

the Eleventh Circuit has explained:

> Whereas traditional injunctions are predicated upon some cause of action, an
> All Writs Act injunction is predicated upon some other matter upon which a
> district court has jurisdiction. Thus, while a party must "state a claim" to

obtain a "traditional" injunction, there is no such requirement to obtain an All Writs Act injunction-it must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior. **The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns.** *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1100-01 (11th Cir. 2004) (emphasis added).

The Second and Fourth Circuits have also expressly held that All Writs Act injunctions are not subject to the preliminary injunction standard. *See In re Baldwin-United Corp.,* 770 F.2d 328, 330 (2nd Cir.1985) (holding that injunctions under the All Writs Act are not subject to the standards for preliminary injunction under Fed.R.Civ.P. 65.); *Scardelletti v. Rinckwitz,* 68 Fed.Appx. 472, 477, 2003 WL 21513035, 4 n.3 (4th Cir. 2003) ("Contrary to Devlin's contention on appeal, this All Writs Act injunction is not subject to the four-factor balancing test ordinarily applicable to preliminary injunctions."); *see also In re Macon Uplands Venture,* 624 F.2d 26, 28 (5th Cir.1980) (affirming grant of injunction under the All Writs Act without regard to traditional four factors); *Harris v. Wells,* 764 F.Supp. 743, 745 (D. Conn.1991) (stating that availability of an All Writs Act injunction is determined by the standards under the Act and not by the traditional standards for preliminary injunctive relief); *Bryan v. BellSouth Telecommunications, Inc.* 2006 WL 1540644, *3 (M.D.N.C. 2006) (holding that the All Writs Act is not subject to the four-factor balancing test).

Moreover, prior Supreme Court precedent implies that, where a court is attempting to protect its jurisdiction, a different standard is imposed. *See Wisconsin Right to Life, Inc. v. Federal Election Com'n.* 542 U.S. 1305, 1306, (2004) (holding that a preliminary injunction under the All Writs Act is "only appropriately exercised where (1) 'Necessary or appropriate in aid of [our] jurisictio[n],' . . . and (2) the legal rights at issue are 'indisputably clear'" without referencing the traditional four-part test) (internal citations omitted); *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977) (affirming grant of injunction under the All

- 6 -

Writs Act without regard to traditional four factors); *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 219 (1945) (stating, in reviewing a lower court's ruling concerning an injunction under the All Writs Act, that it is necessary to ascertain "what is the usage, and what are the principles of equity applicable in [this] case," without mentioning the traditional four injunction requirements).

Under this line of cases, Plaintiffs need only "point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior" for the Court to issue an injunction under the Act, provided that the injunction is "necessary or appropriate and in aid of its jurisdiction." *Klay,* 376 F.3d at 1100-01. Further, the injunction is necessary when someone else's conduct "[if] left unchecked . . . would have had the practical effect of diminishing the Court's power to bring the litigation to a natural conclusion." *ITT Community Development Corp. v. Barton,* 569 F.2d 1351, 1359 (5th Cir. 1978). Defendant's actions here undoubtedly threaten the integrity of this Court's jurisdiction over the pending Motion to Dismiss, because Defendant is attempting to obtain a preemptive ruling from the Australian court, the effect of which would be to strip this Court of its jurisdiction. Moreover, Defendant is seeking to enjoin Plaintiffs prosecution as to the other Defendants in this case, who are not parties to the Australian litigation. Because this Court has a duty to "exercise the jurisdiction that Congress has given it" and Defendants actions expressly threaten that jurisdiction, a preliminary injunction under the All Writs Act is warranted. *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 10 F.3d 425, 430 (7th Cir. 1993).

**B.     Application of the Preliminary Injunction Factors to the Present Case**

Even if the Court rejects these cases and applies the traditional four-part test for preliminary injunctions, an injunction here is still warranted. *Christian Legal Society v.*

*Walker*, 453 F.3d 853 (7th Cir. 2006) (discussing four part preliminary injunction test).

Under the *Walker* factors, to win a preliminary injunction, a party must show:

> [1] that it is reasonably likely to succeed on the merits, [2] it is suffering
> irreparable harm that outweighs any harm the nonmoving party will suffer if
> the injunction is granted, [3] there is no adequate remedy at law, and [4] an
> injunction would not harm the public interest. *Id.* at 859.

Each of these factors is present here.

### 1. Likelihood of Success on the Merits

As demonstrated below, Plaintiffs are reasonably likely to succeed on the merits of

the pending Motion to Dismiss, and this Court will retain jurisdiction over this action.[1]

#### (i) Defendants Did Not Meet Their Burden of Proving that Australia is an Adequate Alternate Forum Justifying Dismissal Under *Forum Non Conveniens.*

Defendants did not contest that their residence in Chicago "weighs heavily against

dismissal on grounds of *forum non conveniens*," or that Plaintiffs are entitled to a "strong

presumption" against dismissal because they reside in the U.S. *Magellan Real Estate Inv.*

*Trust v. Losch*, 109 F.Supp.2d 1144, 1151 (D. Ariz. 2000); *Macedo v. Boeing Co.*, 693 F.2d

683, 688 (7th Cir. 1982). Nor did Defendants explain how they could possibly be entitled to

dismissal under *forum non conveniens* when they have already initiated litigation in this very

Court relating to *The Secret* and, in front of Judge Guzman, have vigorously contested

challenges to jurisdiction here. *TS Merchandising, et al. v. Dan Hollings, et al.*, Docket No.

1:07-cv-6518 (N.D. Ill.). Indeed, in other litigation involving *The Secret*, Defendants have

sought transfer of venue to this Court, arguing that this Court is the appropriate venue. *Dan*

---

[1] Defendants argue that Plaintiffs' must show ultimate success on the merits of their case in chief. That argument makes no sense. Plaintiffs are not asking the Court for a preliminary injunction preventing the distribution of the works at issue. Rather, Plaintiffs are only seeking to prevent Defendant's blatant interference with this Court's jurisdiction. If the preliminary injunction factors have any meaning at all in the All Writs context (and the above case law suggests that they may not), then there must be some nexus between the injury complained of and the injunctive relief sought. Defendant's argument would divorce those factors, requiring a plaintiff to show ultimate "success on the merits" in order to prevent a defendant from interfering with the exercise of the Court's jurisdiction. It is the success in establishing the Court's jurisdiction and the threat Defendant's pose to that jurisdiction, which is key.

*Hollings v. Rhonda Byrne, et al.*, Docket No. 08-cv-03024 (C.D. Cal.). Dispensing with the need to provide the Court with any evidence at all, Defendants assumed they had no burden.

As the Seventh Circuit has held, "[t]he defendant carries the burden of persuading the district court that a lawsuit should be dismissed on *forum non conveniens* grounds." *In re Ford Motor Co.*, 344 F.3d 648, 652 (7th Cir. 2003). It is for this reason that defendants are required to submit affidavits or other evidence to substantiate their claims that dismissal is warranted. *Compare Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997) (finding a consent to jurisdiction valid where defendant submitted the affidavit of an expert on Saudi law to substantiate that Saudi law recognizes consents to jurisdiction) *with Macedo v. Boeing Co.*, 693 F.2d 683, 691 (7th Cir.1982) (finding abuse of discretion and reversing order of dismissal under *forum non conveniens* because of "the weakness of the showing made by defendants" and noting that "the parties offered affidavits of Portuguese lawyers" to support their contentions); *see also Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 (5th Cir. 1991) (the doctrine of *forum non conveniens* "require[s] a defendant to put forth unequivocal, substantiated evidence presented by affidavit testimony in order for the district court to satisfy the standard enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)."); *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45 (3d Cir. 1988) (noting that defendants' "failure to provide any record support for their contentions precluded the district court from scrutinizing the substance of the dispute between the parties" and that the defendants had therefore failed to carry their burden).

Defendants gave the Court no evidence to establish that Australia is an available or adequate alternate forum. Rather, the un-rebutted affidavit of John V. Swinson established that it is "unlikely that an Australian court will accept jurisdiction" in this case because infringement is alleged to have occurred outside of Australia and because the Australian Copyright Act specifically limits jurisdiction to activities "in Australia." Swinson Decl. ¶¶

10-11.  Moreover, under binding precedent, "Australian courts do not have jurisdiction over foreign intellectual property rights."[5] *Id.* ¶ 13.  Nor could an Australian court provide the relief that Plaintiffs seek here. *Id.* ¶ 25.  It is for this reason that "Australia is not an adequate or appropriate forum for decision of matters raised in the U.S. Complaint." *Id.* ¶ 26.  Because Defendants gave the Court no evidence, Plaintiffs are reasonably likely to succeed on the merits of Defendants' Motion to Dismiss.[6]

### (ii) Defendants Did Not Establish That the Private and Public Factors Support Dismissal Under *Forum Non Conveniens.*

Nor did Defendants meet their burden of establishing that the private and public factors weigh in favor of dismissal. In support of the five factors identified by the Seventh Circuit in *Wilson v. Humphreys*, 916 F.2d 1239, 1245 (7th Cir. 1990), Plaintiffs identified for the Court the names and locations of the numerous witnesses and documents in the United States, which are required for Plaintiffs to establish their case (including jurisdiction, liability, and damages).  Many of those witness are located in Chicago, and there are more witnesses in Chicago than in any other jurisdiction or venue.  (For that reason, the cost associated with either obtaining compulsory process or attendance of willing witnesses is the least expensive in Chicago.)  Moreover, in support of these factors, Plaintiffs submitted the Declaration of Drew Heriot, who further advised the Court of the extreme personal and financial burden that the Australian litigation places upon him.

---

[5] Although the parties dispute whether the movie *The Secret* (Original Edition) is a U.S. work, there is no dispute that the book *The Secret* was created entirely in the U.S. and is a U.S. work.

[6] Defendants' only response was that infringement was, somehow, a "red herring" because Plaintiffs' Australian counsel "admitted under oath" that this action "raises the same issues for determination as were raised" in the Australian litigation and, in any event, infringement "cannot be maintained as a matter of law." That argument is sophistry.  First, Defendants misquoted Mr. Selvay, who advised the Australian court that "the [U.S.] Complaint raises the same issues for determination as are raised in this proceeding (*as well as a variety of further or additional matters*)." *See* Rainone Decl. Ex. F ¶ 5(c) (emphasis added to wording omitted from Defendants' brief).  Those "additional matters" would be, among other things, Plaintiffs' infringement, equitable accounting, and unjust enrichment claims, which are not available remedies for Plaintiffs in Australia and are not part of the Australian case.  Second, a motion to dismiss as a matter of law must be raised pursuant to Federal Rule 12(b)(6) (entitling Plaintiffs to a response) not as part of a reply in support of a motion to dismiss for *forum non conveniens.*

Defendants, in contrast, gave the Court nothing. With the exception of the testimony of Paul Harrington (who has already submitted a Declaration to the Court and has agreed to testify), Defendants identified no actual witness, document, or discovery that is needed in Australia. Forgetting that the burden is theirs, not Plaintiffs', Defendants instead sought to establish that the private factors were met by dismissing Plaintiffs' discovery as unnecessary because "Defendants acknowledge that Heriot was the Director of *The Secret* movie" and "No one needs depositions . . . to confirm these facts." Defendants' Reply at 5-6. That, of course, is the exact opposite of what Defendants told the Court in their Motion (at 6) which asserted that "voluminous records and testimony" are needed in Australia to rebut Plaintiffs' "spurious claims of ownership." Defendants cannot have it both ways.[7]

Defendants' analysis of the public interest factors fared no better. Defendants provide no declaration in response to the declarations of Jon Reichman and John Swinson about the pace and status of the Australian proceeding. Moreover, as this court noted just last year "[c]ourt congestion is not a factor." *Chelios v. Nat'l Hockey Leage Players' Ass'n*, 2007 WL 178326, *7 (N.D.Ill. Jan. 18, 2007). Because Defendants failed to establish that the public and private factors weighed in favor of dismissal, Plaintiffs are reasonably likely to succeed on the merits of Defendants' Motion to Dismiss

### (iii) Defendants Did Not Meet Their Burden of Proving that Abstention Was Warranted.

Defendants did not dispute that abstention must only be granted in "exceptional circumstances" and that "the presumption is against abstention . . . the general rule being that

---

[7] Defendants further complained that the Plaintiffs' discovery was not "critical given that the key to the dispute is whether Australia or the U.S. has the most significant relationship to *The Secret* movie's *creation*." Defendants are confused on two fronts. First, Defendants confuse choice of law and liability. If the Court adopts the *Itar-Tass* test, discovery may indeed be needed to establish which country's law applies to ownership. But that choice-of-law rule doesn't obviate the need for discovery relating to Plaintiffs' creative contributions, ownership, Defendants' ultimate liability, and damages owed to Plaintiffs. This U.S. discovery still weighs against dismissal. Second, Defendants misstate the *Itar-Tass* test, which is not limited to "creation." *Itar-Tass*, 153 F.3d 82, at 90-91. In fact, the witnesses Plaintiffs identified are necessary to establish the country with the "most significant relationship" to each work.

a federal court has a duty to exercise the jurisdiction that Congress has given it." *Allendale*, 10 F.3d at 430. Plaintiffs did not dispute that it was their heavy burden, not Plaintiffs', to establish that (1) these actions are parallel and (2) that the *Finova* [8] factors weigh in favor of dismissal. Once again, Defendants gave the Court no actual evidence.

To prove that these actions are "parallel," Defendants' only argument was to point to the Affidavit of Plaintiffs' Australian counsel as an "admission" that the proceedings are parallel. But Defendants misquoted the affidavit, which advised the Australian court that "the [U.S.] Complaint raises the same issues for determination as are raised in this proceeding (*as well as a variety of further or additional matters*)." *See* Rainone Decl. Ex. F ¶ 5(c) (emphasis added). As explained by Mr. Swinson, those additional matters are the causes of action in *this* case that the Australian court lacks jurisdiction over. Swinson Decl. ¶¶ 10-26 (Docket Entry 23, Ex. D). Defendants did not even attempt to explain how the parties are litigating "substantially the same issues" when the Australian court lacks jurisdiction to hear the very claims Plaintiffs assert here. *Finova Capital*, 180 F.3d at 898.

Even if the actions were parallel, Defendants did not meet their burden of establishing that the eight abstention factors weigh in their favor. *See id.* First, although Defendants were first to file their "pre-emptive strike" in Australia, pre-emptive declaratory judgment actions are not accorded any deference under the "first to file" rule. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) ("This circuit has never adhered to a rigid "first to file" rule . . . As we have noted before, 'The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.'") Second, Plaintiffs have demonstrated the convenience of this forum and the inconvenience of Australia. Third, there is little risk of piecemeal

---

[8] *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d at 896, 898 (7th Cir. 1999).

litigation since Plaintiffs have moved to stay the Australian case. Fourth, there is no dispute that U.S. law governs Plaintiffs' substantive rights in this case. Fifth, Australia is not an adequate alternate forum, protecting Plaintiffs' rights here. *See* Swinson Decl. ¶ 26. Sixth, the Australian action and the U.S. action are in identical procedural positions, with no answer on file. Reichman ¶ 18. For these reasons, Defendants did not meet their burden of establishing that "exceptional circumstances" warrant abstention, and Plaintiffs are reasonably likely to succeed on the merits of Defendants' Motion to Dismiss.

### 2. Plaintiffs Would Suffer Irreparable Harm

Plaintiffs would suffer irreparable harm if the Court denied its Motion, because Plaintiffs would be denied their choice of forum and the benefit of having the Court rule on the pending motions. Moreover, as demonstrated in Plaintiffs' Response and Surreply to Defendants Motion to Dismiss, the Australian court does not have jurisdiction over the claims asserted in this case, making that injury irreparable. Plaintiffs did not "delay" in bringing this motion, but filed it three days (including the weekend) after receiving the Geller Affidavit. Defendant has no conceivable harm (and identifies no such harm in its Response), and Plaintiffs' harm therefore greatly outweighs any conceivable harm to Defendant.

### 3. Plaintiffs Have No Adequate Remedy At Law

Plaintiffs have no adequate remedy at law, which is to say, the only adequate remedy Plaintiffs can obtain from this Court is an injunction to protect its jurisdiction. Defendant's sole response is that Plaintiffs can "present that defense to the Australian court" which provides an "adequate remedy at law." If that argument were true, however, then no federal court could ever enjoin a state court action under the All Writs Act because a movant could always "present its arguments to the state court." Of course, the All Writs Act is commonly used to enjoin state court proceedings, when necessary to protect a court's jurisdiction. *See, e.g., Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) (holding that removal

under the All Writs Act was not necessary to aid a court's jurisdiction because the state court action could always be enjoined).

### 4. An Injunction Would Not Harm the Public Interest

Nor is there any harm to the public interest. Plaintiffs are not asking the Court to enjoin Defendant TS Production LLC's prosecution of the Australian action (thereby raising concerns of international comity). Rather, Plaintiffs only seek to enjoin Defendant from interfering with this Court's jurisdiction by obtaining a preemptive ruling from the Australian court on issues that Defendant has raised in its own Motion to Dismiss.

## CONCLUSION

For these reasons and for any that appear to the Court, Plaintiffs' Motion should be granted.

Dated: July 8, 2008

Respectfully Submitted.

/s/ Darren P. Nicholson
Darren P. Nicholson
Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Drew Heriot and Drew Pictures Pty Ltd., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Civil Case No. 08cv2272 |
| | § | |
| Rhonda Byrne, | § | The Honorable Suzanne B. Conlon |
| The Secret LLC (AKA TS Holdings LLC) | § | |
| Prime Time US Inc., | § | |
| TS Production Holdings LLC, | § | |
| TS Production LLC, | § | |
| TS Merchandising Ltd., And | § | |
| Robert E. Rainone Jr. | § | |
| | § | |
| *Defendants.* | § | |

## DECLARATION OF DARREN P. NICHOLSON

I, Darren P. Nicholson, declare under penalty of perjury, under the laws of the

United States of America, that the following is true and correct, and is based upon my

personal knowledge or upon information which has been provided to me by others and

which I am informed and believe to be true, and to which I am competent to testify:

1.     I am an attorney with the law firm of Sayles Werbner PC. I am admitted to

practice before the courts of the State of Texas, the District of Columbia, the United

States District Court for the District of Columbia, the United States Court of Appeals for

the District of Columbia Circuit, and the United States District Courts for the Northern

and Eastern Districts of Texas. I am one of the attorneys of record for Plaintiffs in this

case and have been admitted in this case *pro hac vice*.

2.    Attached hereto as Exhibit A is a true and correct copy of the cover letter and

Notice of Motion filed by TS Productions LLC, which was filed with the Federal Court

of Australia Proceeding No. VID 122 of 2008 on May 23, 2008.


Signed this 2nd Day of July, 2008, in Dallas, Texas.

Darren P. Nicholson

# NICHOLSON DECLARATION

# EXHIBIT A

# Arnold Bloch Leibler

Lawyers and Advisers

23 May 2008

By Hand

Mallesons Stephen Jaques
Level 50
Bourke Place
600 Bourke Street
Melbourne VIC 3000

Our Ref    JTV LZ
File No.    011451705

Contact
Justin Vaatstra
Direct 61 3 9229 9765
Facsimile 61 3 9916 9358
jvaatstra@abl.com.au

Partner
Leon Zwier
Direct 61 3 9229 9646
lzwier@abl.com.au



Level 21
333 Collins Street
Melbourne
Victoria 3000
Australia

DX38455 Melbourne
www.abl.com.au

Telephone
61 3 9229 9999
Facsimile
61 3 9229 9900

Attention: John Swinson / Natalie Hickey / Peter Selvay

Dear Sirs and Madam

TS Productions LLC v Drew Pictures Pty Ltd & Anor
Federal Court of Australia Proceeding No. VID 122 of 2008

Please find enclosed by way of service:

(a)    Notice of Motion dated 23 May 2008; and

(b)    Affidavit of Justin Vaatstra;

filed with the Federal Court Registry today.

Yours sincerely
Arnold Bloch Leibler

Justin Vaatstra
Senior Associate

Eric

MELBOURNE
SYDNEY

Partners
Mark M Leibler AC
Robert J Heathcote
Henry D Lanzer
Joseph Borensztajn
Leon Zwier
Philip Chester
Ross A Paterson
Stephen L Sharp
Kenneth A Gray
Kevin F Frawley
Michael N Dodge
Jane C Sheridan
Steven Klein
Leonie R Thompson
Zaven Mardirossian
Jonathan M Wenig
Paul Sokolowski
Paul Rubinstein
Peter M Seidel
Glen Sakowski
Alex King
John Mitchell
Damy Merkel
Nicole Gordon
Ben Mahoney
Sam Dollard
Lilly Tell
Henry Skene
Andrew Silberberg

Senior Associates
Kirsten Frew
Kicharie Wijewickrama
Lisa Ashcroft
Fiona Trueman
Jonathan Milner
Jiran Salm
Annabel Bainbridge
Danuta Czochinski
Katie Morrison
John Mangalsan
Melanie Alberton
Justin Vaatstra
Ashley Lewis
Sue Kee
Leigh De Jong

Consultants
Allan Fels AO
Steven M Stern

IN THE FEDERAL COURT OF AUSTRALIA
VICTORIA DISTRICT REGISTRY

No. VID 122 of 2008

TS PRODUCTION LLC

Applicant

DREW PICTURES PTY LTD

(ACN 088 783 000)

First Respondent

DREW HERIOT

Second Respondent

NOTICE OF MOTION

(Order 19, rule 2)

The abovenamed Applicant will at *10.15* am/pm on 11 July 2008, at the Federal Court of Australia, 305 William Street, Melbourne Victoria 3000 move the Court for orders that:

1    From the date of this order, the First and Second Respondents be and are hereby restrained, until determination of this proceeding (including any appeal) or until further order, from taking or causing to be taken any step in the proceedings commenced by them in the United States District Court for the Northern District of Illinois, Eastern Division, numbered 08CV2272 and captioned *Drew Heriot and Drew Pictures v Rhonda Byrne, The Secret LLC (AKA TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, TS Merchandising Ltd. and Robert E Rainone Jr.*

2    That the Respondents pay the Applicant's costs of and incidental to this Notice of Motion.

3    Such further or other orders as the Court considers appropriate.

Filed on behalf of the Applicant

ARNOLD BLOCH LEIBLER
Lawyers and Advisers
Level 21, 333 Collins Street
Melbourne VIC 3000
DX 38455 Melbourne

Solicitor's Code: 54
Tel: 61 3 9229 9999
Fax: 61 3 9229 9900
Ref: LZ:JTV 011451706
(Leon Zwier)

2

The time before which this notice of motion is to be served has not been abridged.


Date: 23 April 2008


ARNOLD BLOCH LEIBLER
Solicitors for the Applicant


TO:        The Respondents.

C/o The Respondents' Solicitors
Mallesons Stephen Jaques
Level 50 Bourke Place
Melbourne VIC 3000


Version 1

Paul L. Price

From:      usdc_ecf_ilnd@ilnd.uscourts.gov
Sent:      Tuesday, July 08, 2008 6:49 PM
To:        ecfmail_ilnd@ilnd.uscourts.gov
Subject:   Activity in Case 1:08-cv-02272 Heriot et al v. Byrne et al reply to response to motion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

## Notice of Electronic Filing

The following transaction was entered by Nicholson, Darren on 7/8/2008 at 6:49 PM CDT and filed on
7/8/2008
Case Name:          Heriot et al v. Byrne et al
Case Number:        1:08-cv-2272
Filer:              Drew Heriot
                    Drew Pictures Pty LTD
Document Number: 58

Docket Text:
REPLY by Drew Heriot, Drew Pictures Pty LTD to response in opposition to motion, [51]
*to Preliminarily Enjoin Defendant TS Production, LLC* (Nicholson, Darren)


1:08-cv-2272 Notice has been electronically mailed to:

James Gregory Argionis    james.argionis@mbtlaw.com

Jack J. Carriglio    jack.carriglio@mbtlaw.com

David S Elkins    delkins@ssd.com, pal_docket@ssd.com

Edna Louise McLain    elm@heplerbroom.com

Joseph Anthony Meckes    jmeckes@ssd.com

Darren P. Nicholson    dnicholson@swtriallaw.com, sdixon@swtriallaw.com, swhite@swtriallaw.com

Paul L. Price    plprice@heplerbroom.com

Mark S. Werbner    mwerbner@swtriallaw.com

**1:08-cv-2272 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp ID=1040059490 [Date=7/8/2008] [FileNumber=4984844-0]
[7117f6057931daa146aab594ab4a48d9fc66db71f47a3b2cafe5aa78f202f1931ba6
bf337f26e17d1116f403d3fbc8153aa2826eba6e50542900fb1fd7a3728f]]

Paul L. Price

From:     usdc_ecf_ilnd@ilnd.uscourts.gov
Sent:     Tuesday, July 08, 2008 6:52 PM
To:       ecfmail_ilnd@ilnd.uscourts.gov
Subject:  Activity in Case 1:08-cv-02272 Heriot et al v. Byrne et al declaration

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

## Notice of Electronic Filing

The following transaction was entered by Nicholson, Darren on 7/8/2008 at 6:51 PM CDT and filed on 7/8/2008
Case Name:         Heriot et al v. Byrne et al
Case Number:       1:08-cv-2272
Filer:
Document Number: 59

Docket Text:
**DECLARATION of Darren P. Nicholson regarding reply to response to motion[58]** *to Preliminarily Enjoin Defendant TS Production, LLC* **(Attachments: # (1) Exhibit A to Nicholson Declaration)(Nicholson, Darren)**


1:08-cv-2272 Notice has been electronically mailed to:

James Gregory Argionis     james.argionis@mbtlaw.com

Jack J. Carriglio     jack.carriglio@mbtlaw.com

David S Elkins     delkins@ssd.com, pal_docket@ssd.com

Edna Louise McLain     elm@heplerbroom.com

Joseph Anthony Meckes     jmeckes@ssd.com

Darren P. Nicholson     dnicholson@swtriallaw.com, sdixon@swtriallaw.com, swhite@swtriallaw.com

Paul L. Price    plprice@heplerbroom.com

Mark S. Werbner    mwerbner@swtriallaw.com

**1:08-cv-2272 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=7/8/2008] [FileNumber=4984847-0]
[ab7c06439428915c7a643828efac48e6c14cdaf81c76f1f516cc6d212b70208a7094
7c5c85fcddbc05c8682cdc5cb2578f8987f3aa50a751259285b57ccc08fc]]
Document description:Exhibit A to Nicholson Declaration
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1040059490 [Date=7/8/2008] [FileNumber=4984847-1]
[3c99bd0910f8cfa6fe9b5d0f8a9e33c3093ce3f56e3d8093c0e9ed94139a08b0df75
5af814691b6f9c62c787f5cdabb77920f84172cbf8e85dd1835b8c0c64ea]]