IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DREW HERIOT and<br>DREW PICTURES PTY LTD.,<br><br>　　Plaintiffs,<br><br>vs.<br><br>RHONDA BYRNE, THE SECRET LLC<br>(AKA TS HOLDINGS LLC), PRIME TIME<br>US INC., TS PRODUCTION HOLDINGS<br>LLC, TS PRODUCTION LLC,<br>TS MERCHANDISING LTD., and<br>ROBERT E. RAINONE, JR.,<br><br>　　Defendants. | Civil Case No. 08CV2272<br><br>The Honorable Suzanne B. Conlon<br><br><br>RECEIVED<br><br>AUG 2 9 2008<br><br>JUDGE SUZANNE B. CONLON<br>United States District Court |
| TS PRODUCTION LLC,<br><br>　　Counterclaimant,<br><br>vs.<br><br>DREW HERIOT and<br>DREW PICTURES PTY LTD.,<br><br>　　Counterclaim Defendants. | |

**STIPULATED PROTECTIVE ORDER**

SUBMITTING COUNSEL ON SIGNATURE PAGE

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 26.2 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>"Highly Confidential" Information or Items</u>: extremely sensitive "Confidential Information or Items" that requires heightened protection and constitutes or relates to (i) confidential business plans (including financial projections, competitive strategy, and business or financial models); (ii) personal financial or investment information; (iii) confidential

financial information (including revenues, costs, expenditures, compensation, and profits); (iv) details of confidential business relationships (including bids, proposals, offers, licenses, and contractual terms subject to non-disclosure provisions); (v) confidential technical information (including information regarding the structure, function or operation of a commercial or prototype product or service); or (vi) confidential government filings (including tax returns).

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel: attorneys who are employees of a Party.

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect through pretrial proceedings in this action and as directed by the Court at trial, or until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

### 5. DESIGNATING PROTECTED MATERIAL

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> filed with the Court (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of any document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

For information in documentary form that is not filed with the Court but produced in discovery (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, or when doing so would unnecessarily prolong a deposition, a Party or non-party whose Protected Material may be disclosed in the course of or the subject of the deposition may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10 calendar days, from the time the final transcript is received from the court reporter, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. The parties may modify this procedure for any particular deposition or proceeding

through agreement on the record at such deposition or proceeding or by written stipulation, without further order of the Court.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party or interested member of the public does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party or interested member of the public that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not

proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3     Judicial Intervention. A Party or interested member of the public that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion (in compliance with Civil Local Rule 26.2, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Stipulated Protective Order shall limit any Designating Party's use or disclosure of its own documents or information.

-8-

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) any Party who has signed the signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this action;

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) any apparent author, addressee or recipient of Protected Material, or the original source of the information contained therein.

(h) any witness providing deposition testimony in the action (i) who is described in subsection (g) immediately above, or (ii) to whom disclosure is reasonably necessary and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  7.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

  (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for purposes of this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (c) the Court and its personnel;

  (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for purposes of this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

  (e) any apparent author, addressee or recipient of Protected Material, or the original source of the information contained therein.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify Designating Party of the unauthorized disclosures in writing the, (b) use best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 5.8 and 26.2(c).

### 11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party as set forth further below, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. Pursuant to Civil Local Rule 26.2(g), the clerk shall maintain all submitted Protected Material for a period of sixty-three (63) days following the final disposition including appeals. Except where the Court in response to a

request of a Party made pursuant to Civil Local Rule 26.2(g) or on its own motion orders otherwise, at the end of the sixty-three day (63) period, the clerk shall return the Protected Material to the attorney or Party who or which filed it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60) deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

## 12. CLIENT COMMUNICATION

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying on the examination of Protected Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Protected Material except as provided by this Stipulated Protective Order.

## 13. MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Unless the parties agree otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order is inadmissible for any purpose during any proceedings on the merits of this action.

13.4   This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## 14.   COURT'S RETENTION OF JURISDICTION

The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

Dated:   August 26, 2008                    By: _____
                                            David S. Elkins
                                            Joseph A. Meckes
                                            Xavier M. Brandwajn
                                            Joseph P. Grasser
                                            SQUIRE, SANDERS & DEMPSEY L.L.P.

                                            Jack J. Carriglio
                                            James G. Argionis
                                            MECKLER BULGER & TILSON

                                            Attorneys for Defendants
                                            RHONDA BYRNE, TS RER LLC
                                            (erroneously named as "THE SECRET LLC"
                                            and "TS HOLDINGS LLC"), PRIME TIME
                                            US INC., TS PRODUCTION HOLDINGS
                                            LLC, TS MERCHANDISING LTD.,
                                            ROBERT E. RAINONE, JR. and Defendant
                                            and Counterclaimant TS PRODUCTION LLC

Dated:  August 26, 2008                    By: _____
                                               Paul L. Price
                                               HEPLER, BROOM, MACDONALD, HEBRANK,
                                               TRUE & NOCE, LLC

                                               Mark S. Werbner
                                               Richard A. Sayles
                                               Darren P. Nicholson
                                               SAYLES | WEBNER, P.C.
                                               (*pro hac vice* ~~motion to be filed~~)

                                               Attorneys for Plaintiffs and
                                               Counterclaim Defendants DREW HERIOT
                                               and DREW PICTURES PTY LTD.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  ~~August~~ SEPT 5, 2008              _____
                                               HON. SUZANNE B. CONLON
                                               UNITED STATES DISTRICT JUDGE

-13-

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of Illinois on _____, 2008 [date] in *Heriot, et al. v. Byrne, et al.*, Civil Case No. 08CV2272 (N.D. Ill.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination in this action.

I hereby appoint _____ [print or type full name] of _____
_____ [print or type full address and telephone number] as my Illinois agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____