IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DREW HERIOT and <br> DREW PICTURES PTY LTD., <br> <br>     Plaintiffs and <br>     Counterdefendants, <br> <br> v. <br> <br> RHONDA BYRNE, THE SECRET LLC <br> (a/k/a TS HOLDINGS LLC) <br> PRIME TIME US INC., <br> TS PRODUCTION HOLDINGS LLC, <br> TS PRODUCTIONS LLC, and <br> TS MERCHANDISING LTD., <br> <br>     Defendants and <br>     Counterclaimants. | Case No. 08 C 2272 <br> <br> Judge Suzanne B. Conlon <br> <br> Magistrate Judge <br> Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Drew Heriot ("Heriot") and Drew Pictures Pty Ltd. ("Drew Pictures") (collectively "Plaintiffs"), sued defendants, Rhonda Byrne, The Secret LLC (a/k/a TS Holdings LLC), Prime Time US Inc., TS Production Holdings LLC, TS Production LLC, and TS Merchandising Ltd. (collectively "Defendants"). Plaintiffs previously filed a Motion to Compel Production of Documents Concerning Joan Kaufman, Martin Goodrich and Cheryl Durham ("Plaintiffs' Motion"). On March 20, 2009, this Court entered an order denying Plaintiffs' Motion in part and withholding its ruling on the remainder of the Motion until Defendants complied with the Court's order, which they did on April 3, 2009. Currently before this Court is the undecided portion of the Plaintiffs' Motion. This Court rules on the remaining part of Plaintiffs' Motion under Judge Suzanne B. Conlon's referral of this case for discovery supervision pursuant to Local

Rule 72.1. For the reasons stated below, this Court denies in part and grants in part the remainder of Plaintiffs' Motion.

## I. Findings

The Court hereby incorporates into this case all of its findings, both factual and legal, from its March 20, 2009, order. Before stating the Court's findings in this matter, it makes one preliminary note to aid Defendants compliance with this Order. Although Defendants complied with the March 20, 2009, order, some of the documents they submitted are mislabeled: different documents appear with the same page number. Luckily for Defendants, these errors occurred in sequence. For that reason, the Court will refer to each document by the Bates number printed on each page. Where two different documents bear the same Bates number, the Court uses the notation "(a)," "(b)," "(c)," or "(d)" to denote to which document the Court refers. The notation "(a)" refers to the document that occurs first sequentially, starting with document Bates number 1. If, for example, three unprivileged documents, which appear in the following sequence, are numbered 500, 501, and 501, the Court would refer to these three documents as 500, 501(a), and 501(b). Where the Court lists a range of documents, the listed range includes the documents in that range, if any, that would otherwise appear with "(a)," "(b)," "(c)," or "(d)."

With that subject out of the way, the Court proceeds to its findings as to the attorney-client privilege. The Court finds that, because Defendants failed to meet their burden, the following documents are not protected by the attorney-client privilege:
INCAM00002-INCAM00005, INCAM00009, INCAM00010(a), INCAM00012-INCAM00014,

INCAM00025-INCAM00026, INCAM00029-INCAM000[3]0,[1] INCAM00038(a),

INCAM00038(b), INCAM00039, INCAM00042(a), INCAM00042(b), INCAM00042(c),

INCAM00043(a), INCAM00043(b), INCAM00044, INCAM00045(a), INCAM00049(a),

INCAM00049(b), INCAM00049(c), INCAM00050(a), INCAM00052(a), INCAM00052(b),

INCAM00053(a), INCAM00053(b), INCAM00053(c), INCAM00054(a), INCAM00054(b),

INCAM00056(a), INCAM00056(b), INCAM00057(a), INCAM00057(b), INCAM00057(c),

INCAM00058(a), INCAM00058(b), INCAM00060(a), INCAM00060(b), INCAM00061(a),

INCAM00061(b), INCAM00061(c), INCAM00062(a), INCAM00062(b), INCAM00062(c),

INCAM00063(a), INCAM00063(b), INCAM00065(a), INCAM00065(b), INCAM00065(c),

INCAM00066(a), INCAM00066(b), INCAM00066(c), INCAM00067(a), INCAM00067(b),

INCAM00067(c), INCAM00068(a), INCAM00068(b), INCAM00068(c), INCAM00069(a),

INCAM00095(c), INCAM00096, INCAM00097, INCAM00103(a), INCAM00106(b),

INCAM00127, INCAM00196(b), INCAM00197-INCAM00198, INCAM00217(a),

INCAM00222(a), INCAM00238(a), INCAM00238(b), INCAM00260(a), INCAM00260(b),

INCAM00281(a), INCAM00281(b), INCAM00289(a), INCAM00289(b),

INCAM00290-INCAM00291, INCAM00292(a), INCAM00292(b),

INCAM00293-INCAM00334, INCAM00338-INCAM00375, INCAM00382-INCAM00390.[2]

---

[1] Document INCAM000[3]0 is actually labeled INCAM00 but appears between INCAM00029 and INCAM00031.

[2] Defendants mistakenly identified the recipients and senders of documents INCAM00382-INCAM00390. Furthermore, Defendants failed to identify the roles of at least two of the individuals involved in these communications. Therefore, Defendants did not meet their burden.

These documents are not privileged because either the communications they contain are not confidential, and they do not directly or indirectly reveal a privileged communication; or the advice given is the accountants', not the lawyers', which was not used to assist the lawyers in giving legal advice and was not required for the lawyers to render legal advice.

Defendants must produce these non-privileged documents to Plaintiffs. Defendants may, however, redact the first paragraphs in documents INCAM00291 and INCAM00292(b). The remaining documents not listed are subject to the attorney client privilege, and Defendants need not produce them to Plaintiffs. As a final note, there are two numbered documents that do not appear in the submitted materials: INCAM00171 and INCAM00225. Since neither of these documents exist, they are not at issue.

## II. Conclusion

The Court orders Defendants to produce to Plaintiffs all non-privileged documents listed in this opinion. The remaining documents not listed are privileged, and Defendants need not produce them to Plaintiffs. Therefore, the Court grants in part and denies in part the remainder of Plaintiffs' Motion.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

Dated: April 9, 2009.